FILED
Received
FILED

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

## _JACKSONVILLE_ Division

00 MAY 18 PH 4:53 * *AMENDED* *          00 MAY 18 AM 8:11

## CIVIL RIGHTS COMPLAINT FORM

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

Case Number CLERK, U.S. DISTRICT COURT
MIDDLE DIST. 3:00-cv-0026-J-2cA
JACKSONVILLE, FLORIDA

_DOUGLAS W. EMERSON, SR.,_

_And RAYMOND COLEMAN_

                                    Plaintiffs,

v.

[JURY TRIAL DEMANDED]

(1) _JEB BUSH_, Governor;

(2) _HARRY K. SINGLETARY_ {Former Secretary};

(3) _MICHAEL W. MOORE_, Secretary;

(4) _GEORGE DENMAN_, Region Director;

(5) _JOE PETROVSKY_, Warden,

(6) _GREG DRAKE_, Region I Director;

(7) _GREG RISKA_, Regional Asst. Warden;

(8) _JAMES V. CROSBY, JR._, Warden;

(9) _ALTON CHRISTIE_        Colonel;

(10) _DAVID REDD_, Colonel;

(11) _AUBREY THORNTON_, Asst. Warden (Former)

(12) _TIMOTHY GEEBERG_, Prison Inspector;

(13) _DAVID ELLIS_, Prison Inspector (Former)

(14) _THOMAS BIGHAM_, Supervisor, Class.;

(15) _HARVEY SMITH_, Asst. Supervisor Class.;

16) _GEORGE SMITH_, Classification Officer;

(17) _STEPHEN ZABAWA_, Classification Officer;

(18) _JESSE COLLINGSWORTH_, officer, COI;

(19) _J RUISE_, officer, COI;

(20) _S YOUNG_, officer, COI;

(21) _ALFRED A. KELSAY_, Classification officer,

(22) _GARY HEISHMAN_, Classification officer;

(23) _RANDALL SCOGGINS_, Counselor,

(24) _STEPHEN P. BRUNT_, Counselor;

(25) _RONNIE E. WOODALL_, Counselor;

(26) _S. WELLHAUSEN_ Class. Supervisor,

(27) _SIMEON CERDAN_, Librarian;

(28) _GEORGE CULBERT, III_, Library Security;

(29) _DAVID GARDLAND_, officer, COII;

(30) _MARTIN SANDERS_, officer, COII;

(31) _CHRISTOPHER JACKOWSKI_, officer, COII;

(32) _ANDREW P. SMITH_, officer, COII;

(33) _THOMAS CHRISTIE_, officer, COI;

(34) _JASON P. GRIFFIS_, officer, COII;

(35) _JOSEPH F. ALLEN_, officer, COII;

(36) _MANLEY C. HINELEY_, officer, COI;

(37) _MARK CHARNEY_, officer, COI;

(38) _VIRGIL LEE_, officer, COI;

(39) _DAVID WATSON_, officer, COI;

(40) _LEE R. JOHNSON_, former Asst. Warden,

(41) _ORLESTER DICKENS_, Griev. Admin., and

(42) _TAMMY GRAHAM_, Griev. Admin.

_INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITY;_       _DEFENDANTS._

-1-

30

**I.** **PARTIES:** In part A of this section, indicate your <u>full</u> <u>name</u> in the first blank and your full mailing address in the second blank.  Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A.  Name of Plaintiff: _DOUGLAS M. JACKSON, SR., DC# 823916,_

Mailing address: _P.O. Box 181, Fla. State Prison, Starke, Fla._

_32091_

B.  Additional Plaintiffs: _RAYMOND COLEMAN, DC# 113732, P.O. Box_

_181, Florida State Prison, Starke, Fla. 32091_

In part    of this section, indicate the <u>**full**</u> <u>**name**</u> of the first named Defendant.  Also, fill in his or her mailing address, position, and where he or she is employed.  For any additional Defendants, use parts _1_ through _40_ of this section for the names, addresses, positions and places of employment:

( _1._ ) Defendant: _JEB BUSH,_

Mailing Address: _The Capitol, Tallahassee, Fla. 32399-0001_

Position: _GOVERNOR,_

Employed at: _The State Capitol_                          .

( _2._ ) Defendant: _HARRY K. SINGLETARY, JR.,_

Mailing Address:

＊

Position:          _Current Whereabouts Unknown,_

Employed at:      _Will Produce Under Discovery._

(3.) Defendant: MICHAEL W. MOORE,

Mailing Address: 2601 BLAIR STONE ROAD

TALLAHASSEE, FLA. 32399-2500

Position: Secretary

Employed at: Florida Dept. of Corrections (FDOC)

(4.) Defendant: GEORGE DENMAN,

Mailing Address: P.O. Box 718, North Fla. Reception Center (NFRC)

Lake Butler, Fla. 32054

Position: Regional Director, Region II

Employed at: Fla. Dept. of Corrections (FDOC)

(5.) Defendant: JOE PETROVSKY

Mailing Address: 5850 East Milton Rd.

Milton, Florida 32572

Position: Warden, Santa Rosa Correctional Inst.

Employed at: Fla. Dept. of Corrections (FDOC)

(6.) Defendant: GREG DRAKE

Mailing Address: 2015 West Unit Drive

Sneads, Florida 32460

Position: Regional Director, Region I

Employed at: Fla. Dept. of Corrections (FDOC)

**(7.) Defendant:**   _GREG RISKA_

**Mailing Address:**   _P. c. Box 718_

_Lake Butler, Florida 32054_

**Position:**   _Region II, Regional Asst. Warden — Programs_

**Employed at:**   _Fla. Dept. of Corrections (FDOC)_


**(8.) Defendant:**   _JAMES V. CROSBY, JR._

**Mailing Address:**   _P. O. Box 747_

_Starke, Florida 32091_

**Position:**   _Warden_

**Employed at:**   _Fla. State Prison (FSP)_


**(9.) Defendant:**   _ALTON CHRISTIE_

**Mailing Address:**   _Route 7, Box 376_

_Lake City, Florida 32055_

**Position:**   _Colonel_

**Employed at:**   _Columbia Correctional Institution (CCI)_


**(10.) Defendant:**   _DAVID REDD_

**Mailing Address:**   _P. O. Box 747_

_Starke, Florida 32091_

**Position:**   _Colonel_

**Employed at:**   _Florida State Prison (FSP)_

(11.) Defendant: _AUBREY THORNTON_____

Mailing Address: ✻

Position:        Current Whereabouts Unknown

Employed at:     For Defendants 11, 12, and 13.
                 Will Produce Under Discovery!

(12.) Defendant: _TIMOTHY GIEBEIG,_____

Mailing Address: _____

_____

Position:        _____

Employed at:     _____

(13.) Defendant: _DAVID ELLIS,_____

Mailing Address: _____

_____

Position:        _____

Employed at:     _____

(14.) Defendant: _THOMAS BIGHAM,_____

Mailing Address: _P. O. Box 747,_____

_Starke, Florida 32091_____

Position:        _Classification Supervisor_____

Employed at:     _Florida State Prison (FSP)____

(15) Defendant: HARVEY SMITH,

Mailing Address: P. O. Box 747

Starke, Florida 32091

Position: Classification Supervisor

Employed at: Florida State Prison (FSP)

(16) Defendant: GEORGE SMITH,

Mailing Address: P. O. Box 747

Starke, Florida 32091

Position: Classification Officer

Employed at: Florida State Prison (FSP)

(17) Defendant: STEPHEN ZABAWA,

Mailing Address: P. O. Box 747

Starke, Florida 32091

Position: Classification Officer

Employed at: Florida State Prison (FSP)

(18) Defendant: JESSE COLLINSWORTH,

Mailing Address: P. O. Box 747

Starke, Florida 32091

Position: Correctional Officer

Employed at: Florida State Prison (FSP)

DC 225 (Rev. 1/97)

(19) Defendant: _J.            RUISE,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional officer_

Employed at: _Florida State Prison (FSP)_

(20) Defendant: _S.          YOUNG,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional officer_

Employed at: _Florida State Prison (FSP)_

(21) Defendant: _ALFRED A. KELSAY,_

Mailing Address:

✳

_Current Whereabouts Unknown,_

Position:

_Will Produce Under Discovery!_

Employed at:

(22) Defendant: _GARY HEISHMAN,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Classification Officer_

Employed at: _Florida State Prison (FSP)_

DC 225 (Rev. 1/97)

- 7 -

(23) Defendant: _RANDALL SCOGGINS,_

Mailing Address: _P.O. Box 747_

_Starke, Florida 32091_

Position: _Counselor_

Employed at: _Florida State Prison (FSP)_

(24) Defendant: _STEPHEN P. BRUNT,_

Mailing Address: _P.O. Box 747_

_Starke, Florida 32091_

Position: _Counselor_

Employed at: _Florida State Prison (FSP)_

(25) Defendant: _RONNIE E. WOODALL,_

Mailing Address: _P.O. Box 747_

_Starke, Florida 32091_

Position: _Counselor_

Employed at: _Florida State Prison (FSP)_

(26) Defendant: _S.          WELLHAUSEN,_

Mailing Address: _P.O. Box 747,_

_Starke, Florida 32091_

Position: _Classification Officer Supervisor_

Employed at: _Florida State Prison (FSP)_

DC 225 (Rev. 1/97)

(27) Defendant:        *SIMEON CERDAN,*

Mailing Address:      *P.O. Box 747*

                      *Starke, Florida 32091*

Position:             *Librarian*

Employed at:          *Florida State Prison (FSP)*

(28) Defendant:        *GEORGE CULBERT, III,*

Mailing Address:      *P. O. Box 747*

                      *Starke, Florida 32091*

Position:             *Library Security*

Employed at:          *Florida State Prison (FSP)*

(29) Defendant:        *DAVID GARDLAND,*

Mailing Address:      *Route 7, Box 376*

                      *Lake City, Florida 32055*

Position:             *Lieutenant, Confinement Supervisor,*

Employed at:          *Columbia Correctional Inst. (CCI)*

(30) Defendant:        *MARTIN SANDERS,*

Mailing Address:      *P. O. Box 747*

                      *Starke, Florida 32091*

Position:             *Correctional Officer Sergeant*

Employed at:          *Florida State Prison (FSP)*

DC 225 (Rev. 1/97)

— 9 —

(31) Defendant: _CHRISTOPHER JACKOWSKI,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional Officer Sergeant_

Employed at: _Florida State Prison (FSP)_

(32) Defendant: _ANDREW P. SMITH,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional Officer Sergeant_

Employed at: _Florida State Prison (FSP)_

(33) Defendant: _THOMAS CHRISTIE,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional Officer_

Employed at: _Florida State Prison (FSP)_

(34) Defendant: _JASON P. GRIFFIS,_

Mailing Address: _P. O. Box 747_

_Starke, Florida 32091_

Position: _Correctional Officer Sergeant_

Employed at: _Florida State Prison (FSP)_

DC 225 (Rev. 1/97)

(35) Defendant: JOSEPH F. ALLEN,

Mailing Address: P.O. Box 747,

Starke, Florida 32091

Position: Correctional Officer Sergeant

Employed at: Florida State Prison (FSP)

(36) Defendant: MANLEY C. HINELEY,

Mailing Address: P.O. Box 747

Starke, Florida 32091

Position: Correctional Officer

Employed at: Florida State Prison (FSP)

(37) Defendant: MARK CHARNEY,

Mailing Address: P.O. Box 747

Starke, Florida 32091

Position: Correctional Officer

Employed at: Florida State Prison (FSP)

(38) Defendant: VIRGIL LEE,

Mailing Address: P.O. Box 747

Starke, Florida 32091

Position: Correctional Officer

Employed at: Florida State Prison (FSP)

DC 225 (Rev. 1/97)

**(39) Defendant:** _DAVID WATSON,_

**Mailing Address:** _P. O. Box 747_

_Starke, Florida 32091_

**Position:** _Correctional Officer_

**Employed at:** _Florida State Prison (FSP)_

**(40) Defendant:** _LEE R. JOHNSON,_

**Mailing Address:**

*

_Current Whereabouts Unknown,_

**Position:** _Will produce under Discovery!_

**Employed at:**

**(41) Defendant:** _ORLESTER DICKENS,_

**Mailing Address:** _2601 Blair Stone Road_

_Tallahassee, Fla. 32399-2500_

**Position:** _Grievance Administrator_

**Employed at:** _Fla. Dept. of Corrections (FDOC)_

**(42) Defendant:** _TAMMY GRAHAM,_

**Mailing Address:** _2601 Blair Stone Road_

_Tallahassee, Fla. 32399-2500_

**Position:** _Grievance Administrator_

**Employed at:** _Fla. Dept. of Corrections (FDOC)_

II. PLACE OF PRESENT CONFINEMENT: _FLORIDA STATE PRISON_
(Indicate the name and location)

_(FSP), STARKE, FLORIDA_

- 12 -

III.    DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?   Yes ( )  No ( )

If your answer is YES, after reviewing the exhaustion requirements, answer the following questions.

EXHAUSTION OF ADMINISTRATIVE REMEDIES:   Pursuant to the Prison Litigation Reform Act of 1995, Title VIII, Section 803, Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility.  Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion.  (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form.  If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1.  Informal Grievance (Form DC3-005)
2.  Formal Grievance (Form DC1-303)
3.  Appeal to the Office of Secretary (Form DC1-303)

Other Grievances

Inmates are not required to utilize the Informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22.  The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.   Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Grievance Alleging Violation of the Americans with Disabilities Act, Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

1.  Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)?  Yes (✓) No ( )

2.  If so, you must attach a copy of the grievance and response to this Complaint form.

3.  Were you denied emergency status?  Yes ( ) No ( )

a.  If so, did you go through the informal grievance, formal grievance and appeal process?  Yes ( ) No ( )

      b.  If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

**B.  Informal Grievance (Request for Interview)**

    1.  Did you submit an informal grievance (Form DC3-005)? Yes ( ✓ ) No ( )

    2.  If so, you must attach a copy of the grievance and response to this Complaint form.

**C.  Formal Grievance (Request for Administrative Remedy or Appeal)**

    1.  Did you have a disciplinary hearing regarding this matter? Yes ( ) No ( )

*(N/A)*

    2.  If so, you must attach a copy of the disciplinary report worksheet and disciplinary committee's findings and decision to this Complaint form.

    3.  Did you submit a formal grievance (Form DC1-303)? Yes ( ) No ( )

    4.  If so, you must attach a copy of the grievance and response to this Complaint form.

**D.  Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)**

    1.  Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ✓ ) No ( )

    2.  If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____25th_____ day of _____APRIL_____, _____2000_____.

_____Douglas M. Jackson, Sr._____
Signature of Plaintiff

**IV.** **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Complaint form.

(A) The Actions of Defendants CROSBY, THORNTON, JOHNSON, A. CHRISTIE, REDD, ELLIS; GIEBEIG; BIGHAM; H. SMITH; G. SMITH; ZABAWA; COLLINSWORTH; RUISE; YOUNG; KELSAY; HEISHMAN; SCOGGINS; BRUNT; WOODALL; WELLHAUSEN; CERDAN; CULBERT; GARDLAND; SANDERS; JACKOWSKI; A. SMITH; T. CHRISTIE; ALLEN; GRIFFIS; HINELEY; CHARNEY; LEE; WATSON; IN CONSPIRING AND/ OR Retaliation against Plaintiff COLEMAN AND JACKSON for their lawsuit or grievance filings, ASSOCIATION, And good faith attempts to petition government for Redress of grievances constitute A violation of the First Amendment to the United States Constitution;

(B) The failure of Defendants BUSH, SINGLETARY, MOORE, DENMAN; PETROVSKY; DRAKE; RISKA; CROSBY; A. CHRISTIE; ELLIS; GIEBEIG; REDD; THORNTON; JOHNSON; GRAHAM, DICKENS; BIGHAM; WELLHAUSEN; H. SMITH, to take ANY Staff discipline OR ANY AND All corrective Action to protect, curb, or stop the grievance of reprisal Attacks, Assaults, And offenses to their knowledge and that was repeatedly brought to their Attention constitute willful and deliberate indifference, And contributed to and proximately caused the harm And damages described to herein this complaint IN violation of the First, Eighth AND Fourteenth Amendments to the U.S. Constitution.

(C) By their conspiracy and acts of omission and/or commission respectively, the Defendants BUSH; SINGLETARY; MOORE; DENMAN; PETROVSKY; DRAKE; RISKA; CROSBY; A. CHRISTIE; REDD; THORNTON; GIEBEIG; ELLIS; BIGHAM; H. SMITH; G. SMITH; ZABAWA; COLLINSWORTH; RUISE; YOUNG; KELSAY; HEISHMAN; SCOGGINS; BRUNT; WOODALL; WELLHAUSEN; CERDAN; CULBERT; GARDLAND; SANDERS; JACKOWSKI; A. SMITH; T. CHRISTIE; GRIFFIS; ALLEN; HINELEY; CHARNEY; LEE; WATSON; JOHNSON; DICKENS, and GRAHAM have willfully and maliciously, directly or indirectly, intimidated and prevented the Plaintiff COLEMAN and JACKSON from enjoying and exercising their rights, privileges and immunities as citizens of the United States and the State of Florida, including but not limited to, their rights to freedom of speech, movement, association and assembly; their right to petition their government for redress of grievances; their right to be secure in their person; their right not to be deprived of life, liberty or property other than by due process of law, and their right to be free from cruel and unusual punishment and the named Defendants actions violate the First, Eighth and Fourteenth Amendments to the United States Constitution.

**V.** <u>STATEMENT OF FACTS</u>:   State as briefly as possible the **FACTS** of your case. Describe how each defendant was involved.  Do not make any legal arguments or cite any cases or statutes.   State with as much specificity as possible the facts in the following manner:

1.  Name and position of person(s) involved.
2.  Date(s).
3.  Place(s).
4.  Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5.  Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

1) At all times relevant to the facts, incidents and offenses alleged in this complaint the Plaintiff RAYMOND COLEMAN and Plaintiff DOUGLAS M. JACKSON, SR., was incarcerated at Florida State Prison (FSP), at Starke, Florida.

2) All the Defendants have acted, and did continue to act, under color of state law at all times relevant to this complaint.

3) The crux of this lawsuit is that your Defendants did through acts of commission and/or ommission did conspire to violate your Plaintiff COLEMAN and JACKSON FIRST, EIGHTH and FOURTEENTH AMENDMENT RIGHTS, U.S. CONSTITUTION, in retaliation for Plaintiffs filing lawsuits and grievances against the State of Florida, Dept. of Corrections (DOC), its Employees, Staff or Personnel, as the Defendants sought to "chill" your Plaintiffs lawsuit and grievance filings, by any and all means necessary!!! Prior to all these preplanned attacks Plaintiffs were disciplinary/lockup free for years or months...

— 16 —

## I.
## CHRONOLOGY OF RETALIATORY EVENTS

4) Approximately June 6th, 1998 Plaintiff JACKSON and COLEMAN did notice the Defendant Prison Officials Culinary Department violating Fla. Administrative Law, Chapter 33-30, 003(3)(c) FOOD SERVICE STANDARDS OF OPERATIONS ("Meals for inmates and staff shall be prepared and served in accordance with the Master menu in effect. NO specially prepared meals SHALL be served") by preparing and serving SPECIAL LUNCH HOT MEALS FOR STAFF in the staff chowhall which was different from the COLD LUNCHES being served to the Prison Population in the PRISONERS' Chowhall in which PRISONERS was noticing and complaining about the Administrative law violation.

5) The Plaintiff JACKSON filed grievances to bring the violation to the Defendant Prison Officials Attention commencing June 6th, 1998.

6) Abruptly, the illegal practice stopped! And the Defendants Culinary Department started complying with the Administrative Law and served the exact same COLD LUNCHES in the staff Chowhall that was served in the PRISONERS' Chowhall.

7) This now EQUAL TREATMENT among Staff and PRISONERS Angered Alot of the Defendant Prison Officials and/or their Colleages who had benefited and enjoyed the SPECIAL HOT STAFF MEALS and they demanded to know WHY(?) the practice had stopped!

- 17 -

8) In breach of the "confidentiality" of grievance filing Rules, CHAPTER 33-29 INMATE GRIEVANCE, F.A.C., the Prison Administration willfully and deliberately leaked word that it was Plaintiff JACKSON who had complained and filed grievances against the SPECIAL MEAL practice and it had to stop!!!

9) Immediately, Plaintiff JACKSON ⟨ who had won many issues in the past against the Department and Prison officials for failing to comply with their own agency rules or the law and who was well known within the Department ⟩ became a target of attack or assault, as well as anyone close to the Plaintiff JACKSON — i.e. Plaintiff COLEMAN, a Co-litigant and Partner in many legal issues and challenges before the Courts.

10) June 25th, 1998 ⟨within days of the SPECIAL MEAL stoppage⟩ Defendant SANDERS retaliate and falsify a smoking in unauthorize area D/R ⟨Disciplinary Report⟩ against Plaintiff COLEMAN who does not even smoke for medical reasons ⟨Asthmatic⟩ to lock Plaintiff COLEMAN up out of the open population community, to get back at Plaintiff JACKSON and to send a message to both Plaintiffs.

11) Attempting to use the lockup of Plaintiff COLEMAN as a pretext to coerce Plaintiff JACKSON to drop his grievances stopping the SPECIAL MEALS FOR STAFF the Defendant SANDERS did threaten Plaintiff JACKSON by stating:

"This is what happen to Inmates who Fucks with the Administration And You're Next. Drop Your Grievances And I won't lock your Partner up."

12) The Plaintiff JACKSON, conferring with Plaintiff COLEMAN first since it was such a petty offense, Refused to accept the Defendant SANDERS offer and the Defendant SANDERS did lock Plaintiff COLEMAN up out of open population on conspiratorial preplanned falsified disciplinary charges.

13) July 2nd, 1998 Plaintiff COLEMAN was released out of punitive solitary confinement (Jail) and returned back to open population with Plaintiff JACKSON and they both resumed their legal actions before the Court and/or Administrative Bodies.

14) July 5th, 1998 As both Plaintiff COLEMAN and JACKSON was coming back from chow together A Law Enforcement Correctional officer pulled Plaintiff JACKSON to the side and confidentially confided in Plaintiff JACKSON, insisting on remaining anonymous for fear of losing his job, that:

"The Administration is out to get you, you had better watch your backs. They don't like what you filed".

15) July 7th, 1998 (2 days Later) A second Law Enforcement officer, insisting also on remaining anonymous, confidentially confided in Plaintiff JACKSON that:

"A meeting was held yesterday [Monday July 6th] And officials ordered us To Lock you And COLEMAN up for Anything. You know what you filed. They want you on C.M."

16) Immediately, July 7th 1998 after this second __WARNING__ within a 48 hour period and fearing for both Plaintiff COLEMAN and JACKSON life, health, safety and wellbeing, Plaintiff JACKSON began __NOTIFYING THE AUTHORITIES__ also

17) Immediately, July 7th 1998 the Defendant SINGLETARY, PETROVSKY, CROSBY, THORNTON, ELLIS and A. CHRISTIE were __NOTIFIED__ in a filed individual "COMPLAINT" of their "Department's Conspiracy To Harm/setup Prisoners" (copy attached marked Appendix "__A__") and their Help and protection was sought; also

18) Immediately, July 7th 1998 Defendant CROSBY and WOODALL were both __NOTIFIED__ in a direct grievance of reprisal filed DCI-303 grievance of the uncovered "Conspiracy Within [The] Administration To Harm Prisoners" which was receipted and logged as filed "July 8th, 1998" and assigned Grievance Log # 07-071 (copy attached marked Appendix "__B__") and their Help and Protection was sought.

19) Finally, Immediately, July 7th 1998 Defendant SINGLETARY in a direct Grievance of Reprisal filing to the Secretary office was __NOTIFIED__ in a DCI-303 of the uncovered "CRIMINAL CONSPIRACY By Fla. State Prison Administration Against Prisoners" and his help and protection was sought (Copy attached marked Appendix "__C__").

20) The Defendant CROSBY and WOODALL did "block" the Secretary's designated direct grievance of reprisal from leaving

the facility and from being mailed or forwarded to the Secretary's office and did unlawfully answer the grievance themself falsifying and manipulating the grievance form.

21) Even tho both the DIRECT Grievances (Appendix "B" and "C") were mailed to the Institutional Grievance Coordinator's office for filing in the same envelope and given sequence "07-071" (Appendix "B" PART "C" Receipt Section) and "07-072" (Appendix "C" PART "C" Receipt Section) filing grievance log numbers, the Defendant CROSBY and/or WOODALL did falsify the filing date to 7-9-98 and did "X" Superintendent designation box (☐) up top to circumvent the filing with the secretary's office and to attempt to conceal their grievance of reprisal conspiracy to the confines of Florida State Prison.

22) PART "A" Section reading of the grievance (Appendix "C") leaves no question the grievance was designated for the Secretary's office but falsified, manipulated, and answered by Defendant CROSBY and WOODALL to try to keep their "conspiracy" concerted to the Institution itself, and not get out of the facility at that time.

## II
## THE PREPLANNED CONSPIRATORIAL ATTACKS/ASSAULTS BEGAN

23) July 9th 1998; WITHIN 48 HOURS of Appendix "A", "B" and "C" Complaint NOTIFICATIONS to Defendants SINGLETARY; PETROVSKY; CROSBY; THORNTON; ELLIS and A. CHRISTIE of July 7th 1998, the Defendants began to execute their grievance of reprisal, targeted attacks, assaults, harassments, etc, etc, against both Plaintiff JACKSON and COLEMAN as setforth herein, all designed to lock Plaintiffs up and get Plaintiffs out of their way. To wit:

-21 -

(COUNT 1): Defendant GARDLAND AND T. CHRISTIE did turn in a pair of cheap wire cutter pliers to Defendant A. CHRISTIE (who was 2 days on-notice about the uncovered conspiracy against Plaintiffs) falsely alleging they had found the pliers in Plaintiff COLEMAN and JACKSON work area and demanded that Plaintiffs be falsely arrested and locked up out of open population on possession of escape tools. Thus, subjecting both Plaintiffs to 15 years outside criminal charges; 6 years punitive solitary close management (CM) detention; false disciplinary charges; 60 days punitive solitary disciplinary confinement; and lost of all gaintime (Thousands of days);

(COUNT 2) Defendant SANDERS, conspiring with Defendant CULBERT, did remove out of L-Wing officers' station another prisoner's "contact card" and did plant the card in Plaintiff JACKSON legal folder to later have Defendant CULBERT search the folder and to file falsified (3-1) stolen of state property disciplinary charges against Plaintiff JACKSON;

(COUNT 3) Defendant CHARNEY did plant excessive postage stamps within Plaintiff JACKSON property as he was packing it out of Plaintiff JACKSON open population cell, while Plaintiff was getting locked up on the above two preplanned falsified conspiratorial charges and did file (3-1) possession of contraband false disciplinary charges against Plaintiff JACKSON.

The above three (3) incidents resulted in both Plaintiff COLEMAN and JACKSON lockup and removal out of their open population community, WITHIN 48 HOURS of NOTIFICATION to the Defendants SINGLETARY; PETROVSKY; CROSBY; THORNTON; ELLIS, AND H. CHRISTIE July 7th, 1998 (see Appendix "A", "B" and "C") As the Defendants sought to execute their conspiracy and targeted attacks as leaked July 5th and 7th!!!

(COUNT 4) July 25th, 1998 Plaintiff JACKSON and COLEMAN were released from under the above three (3) serious offenses and returned back to open population. On their way back they were aggressively and angeredly confronted by Defendant GRIFFIS who THREATENED both Plaintiffs by stating :

"Its Not over.!!! Because of you Douglas Jackson me and my entire [8 to 4] Shift have got to eat COLD LUNCHES just like the Inmates and WE DON'T LIKE IT.!!! You had better get our HOT LUNCHES back and, when you do, WE WILL LEAVE BOTH YOU AND COLEMAN ALONE.!!! "

After the Defendant GRIFFIS THREAT and WARNING, July 26th, 1998, the very next day, Plaintiff JACKSON did (under duress and for the life, health, safety and wellbeing of both Plaintiffs) filed his "REQUEST" to "Withdraw Grievances About Staff Hot Meals" to Food Service Director MR. CHARLES H. COBB (Copy Attached Appendix "D").

(COUNT 5) July 27th, 1998 { within 2 days of Release and Return back to open population Saturday July 25th } the Defendant SCOGGINS retaliate against Plaintiff JACKSON and filed a preplanned conspiratorial falsified (3-12) Possession of Contraband disciplinary Report (D/R) against him claiming that the Legal Documents he (Defendant SCOGGINS) earlier approved and authorized for legal mail delivery to co-litigant JONES, now being Returned back, are "CONTRABAND". This frivolous D/R resulted in Plaintiff JACKSON Relock-up out of open population never to be Returned to date, MAY 2000 { 22 Months later and counting } at the filing of this Amended Complaint.

Now that the Defendants have got Plaintiff JACKSON once again in confinement { where most crimes and victimizations against Prisoners occur } the Defendants pile on the preplanned conspiratorial falsified prison disciplinary Reports (D/R's) to unlawfully KEEP Plaintiff JACKSON confined by any means necessary.!!! (NOTE: Now That Plaintiff JACKSON In back in Lockup the Special Meals Resume being served).

(COUNT 6) While in Administrative Confinement awaiting the disposition on Defendant SCOGGINS (3-12) Contraband Charge, for ten (10) days (July 27 - Aug. 5) the Plaintiff JACKSON was denied all personal and legal property, confined with only the cloths on his back that he was wearing when he got locked up as witnessed by three (3) Officers. When the

— 24 —

Plaintiff JACKSON filed grievances about the (10) ten day property unlawful deprivation, to coverup the offense, the Defendants HINELEY, conspiring with Defendants WOODALL, A. SMITH, JACKOWSKI, filed a preplanned conspiratorial (9-10) lying to staff. D/R (August 18 18 18) against Plaintiff JACKSON in retaliation for having filed said property deprivation grievances complaining about being denied all property during this 10 day period.

(COUNT 7) September 29th, 1998 using the three (3) preplanned conspiratorial falsified D/R's of Defendant CULBERT 7-9-98 (Planted Contact Card); Defendant SCOGGINS 7-27-98 (Co-litigant Legal Documents being Returned) and Defendant HINELEY 8-18-98 (Retaliation for filing grievance complaining about 10 day property deprivation) the Defendant H. SMITH, THORNTON, A. CHRISTIE and HEISHMAN (All on notice about the targeted Administration conspiracy against Plaintiff JACKSON) did permanently remove Plaintiff JACKSON out of his open population community and re-detained Plaintiff JACKSON indefinitely in Close Management Disciplinary and punishment solitary confinement where he remains May 2000, 22 months later as of the filing of this Amended Complaint.

(COUNT 8) From July 9th, 1998 thru. September 29th 1998 while all the foregoing Retaliatory counts 1-7 was being carried out and executed against Plaintiff COLEMAN and Plaintiff JACKSON, with

the Defendant GRIFFIS Saturday July 25th, 1998 confirming what it was all about ( i.e. Plaintiff JACKSON filing his grievances ), the Defendants SINGLETARY, PETROVSKY, DRAKE, CROSBY, THORNTON, ELLIS, WOODALL, GRAHAM, DICKENS, A. CHRISTIE, HEISHMAN, BIGHAM, were all made aware and were on notice but showed willful and deliberate indifference and failed to act to protect Plaintiff COLEMAN and JACKSON from harm or victimization';

( COUNT 9) November 18th, 1998 in retaliation for assisting Prisoner D. YOUNG file grievances challenging his disciplinary reports as authorized pursuant to grievance procedure rule, chapter 33-29.015 (1) INMATE GRIEVANCE, F.A.C. ("Inmates shall be allowed to seek assistance from other inmates in completing the grievance from"), the Defendant WOODALL did retaliate against Plaintiff JACKSON and filed a preplanned conspiratorial falsified (910) D/R for assisting Prisoner D. YOUNG file grievances;

( COUNT 10) November 20th, 1998 while going to jail ( Disciplinary Confinement) on the above charge ( COUNT 9) Defendant A. SMITH retaliated against Plaintiff JACKSON and filed a preplanned conspiratorial falsified (312) possession of contraband charge against Plaintiff JACKSON falsely alleging he found sandpaper, a glass bottle of ink and china-marker in Plaintiff Jackson property that the

Plaintiff Jackson had himself had just packed and handed over to Defendant A. SMITH for searching, inventory and storage;

(COUNT 11) November 23rd, 1998 (approx) three (3) days later, Defendant COLLINSWORTH, conspiring with others, retaliate against Plaintiff COLEMAN for lawfully corresponding with Plaintiff Jackson thru. approved and authorized legal mail channels and filed a preplanned conspiratorial falsified (9-10) Lying to staff D/R against Plaintiff COLEMAN to get him now locked up and removed out of the open population community and to keep him in punitive solitary confinement alone with Plaintiff JACKSON;

(COUNT 12) December 1998 Plaintiff COLEMAN had successfully won a reversal on the Defendant COLLINSWORTH retaliatory D/R (count 11 supra.) as he was spending his 60 day jail time in punitive solitary disciplinary confinement. The Defendant KELSAY and BIGHAM conspiring with others and to keep Plaintiff COLEMAN locked up, rather than return him back to open population since NO conviction or sentence was lawfully upon him, did refuse to release Plaintiff COLEMAN out of jail (punitive disciplinary confinement) and did keep Plaintiff COLEMAN on disciplinary confinement fifteen (15) extra days when there was NO sentence or conviction against Plaintiff COLEMAN to be in disciplinary confinement;

(COUNT 13) FEBRUARY/MARCH 1999 Defendant HEISHMAN and BIGHAM likewise kept Plaintiff JACKSON on punitive solitary disciplinary confinement ten (10) extra days over the time limit refusing to release Plaintiff JACKSON. Approximately late February 1999 Defendant A. SMITH (3-12) Contraband charge (which carried a maximum sentence of 15 days had ended) time served. The Defendant HEISHMAN and BIGHAM and others conspiring together to keep Plaintiff JACKSON on punitive disciplinary confinement by any means necessary, did refuse to release Plaintiff JACKSON forcing him to do a 25 day sentence on a rule maximum 15 day rule maximum charge, (3-12) Contraband, CHAPTER 33-22.012 INMATE DISCIPLINE, F.A.C. When the above offense was grieved, the Defendant WOODALL went to cover it up and destroy all submitted documents in support (i.e. 2 Granted Informal Grievance copies substantiating the claim).

(COUNT 14) JANUARY 1999 Now that the Defendants have got both Plaintiff COLEMAN and JACKSON locked up out of their open population community and both on punitive solitary disciplinary confinement where most crimes, violent acts, victimization against prisoner occur in confinement units Florida State Prison, the Plaintiff JACKSON learned of the Defendants solicitation to have both Plaintiff's ASSAULTED-N-MURDERED.!!!

   JANUARY 1999 A total stranger (who the Defendants specifically moved in the cell nextdoor by moving one

PRISONER out and moving their hired HIT-MAN in i.e. PRISONER RANDY GRIFFIN) did Reveal that Defendant GRIFFIS and/or Administration's Conspiracy to have both the Plaintiff COLEMAN and JACKSON ASSASSINATED! Solicited Prisoner GRIFFIN Advised Plaintiff JACKSON that Defendant GRIFFIS and the Administration .did: (A) Solicited Him to Assault and Murder both Plaintiffs for their lawsuit/grievance filings against the Department And its Staff; (B) Promise To Arrange And Set Everything up which was why he was specifically placed in the cell Nextdoor; (C) Provide The Murder Weapon(s); (D) Promise That No Punishment Will Result; (E) Promise That Everything Will Be covered up afterwards; (F) Promised Drugs, money, and Departmental Favoritism For Handling The Problem for the Administration!!!

(COUNT 15) JANUARY 1999 immediately when the above (Count 14) Assassination Conspiracy was discovered Against Plaintiff JACKSON and COLEMAN by the Defendant GRIFFIS and the Administration of FIA. State Prison (FSP) Defendants, the Defendants BUSH; MOORE; PETROVSKY; DRAKE; CROSBY; WOODALL; GRAHAM; DICKENS; CHRISTIE A.; REDD; THORNTON were Notified seeking their HELP AND PROTECTION and All Defendants failed to Act!!! The Defendants were more concerned above now protecting their image, the Department, Administration, and Employee Conspirators then they were the Plaintiffs now that this latest crime of the Administration was exposed.

-29-

(COUNT 16)  February 16th 1999 NOW that the _ASSASSINATION ATTEMPT_ WAS out AND, IN the open fully exposed, the Defendants did delivery to PLAINTIFF JACKSON A "_DEATH LETTER_" WARNING both Plaintiffs COLEMAN AND JACKSON, as well as Solicited PRISONER GRIFFIN for having the courage, AND for coming forth, that;

> "JACKSON you think you CAN get away from us that easy. But you CAN't because this is F.S.P. AND WE RUN this NOT F.D.O.C. AND you CAN be DAMN sure that before you AND your Nigger buddies get out of this building All of you will be IN body bags. Im telling you boy that you will get yours before you know it. Just like All the others IN the past...you ARE dead NiGGERS AND ANY one else that helps you or trys us here at F.S.P. So sit back AND take what is coming to you punk. You just watch what happens to Raymond Coleman.... We do what WE WANT, when WE WANT AND how WE WANT."

(COUNT 17)  THE Above "_DEATH LETTER_" WAS immediately brought to the Defendants BUSH; PETROVSKY; MOORE; DRAKE; CROSBY; WOODALL; A. CHRISTIE; GIEBEIG; REDD; GRAHAM, DICKENS ATTENTION

seeking their HELP and PROTECTION and they all failed to Act showing willful and deliberate indifference Not caring what happened to Plaintiffs.!!!

(COUNT 18) February 18th, 1999 (Approx.) Defendant REDD, conspiring with other and to protect the Administration and fellow colleagues for their involvement in the January 1999 ASSASSINATION CONSPIRACY uncovered to harm both Plaintiff JACKSON and COLEMAN did retaliate against Plaintiff JACKSON for crying out about the crime to have both Plaintiffs KILLED and did file a (9-19) presenting false Testimony preplanned conspiratorial falsified D/R against Plaintiff JACKSON to keep Plaintiff "quiet" and from speaking out as to what was happening to Plaintiffs and how the Administration of FSP was trying to MURDER Plaintiffs!

(COUNT 19) February 25th, 1999 in retaliation for filing grievances and a writ of habeas corpus before the court challenging the Defendant REDD D/R (count 18 supra.) the Defendant CERDAN, conspiring with Defendants- WOODALL and JACKOWSKI, did retaliate and wrote Plaintiff JACKSON a (9-10) lying to staff D/R;

(COUNT 20) March 5th, 1999 Plaintiff JACKSON was tried in the Defendants' Disciplinary court on the Defendant CERDAN's retaliatory D/R (count 19 supra.) and the charge was "DISMISSED" on its merit by the Disciplinary Team. Not liking the Teams' "DISMISSAL" the Defendants CERDAN,

- 31 -

WOODALL, JACKOWSKI, AND CROSBY did conspire how might they have the charge reinstated? The Defendant CROSBY did order the "DISMISSED" charge "retyped and reinvestigated" and within two (2) hours of the "DISMISSAL" on its merits, finding no merit in the charge, the Defendant JACKOWSKI was back reinvestigating the Defendant CERDAN retaliatory D/R as they all conspired to get a conviction on this falsified charge.

(COUNT 21) MARCH 1999 it was during this time Plaintiff JACKSON learned through confidential sources who requested to remain anonymous that Defendant CROSBY has got the word out that "He wants No D/R's Overturned or Dismissed."

(COUNT 22) Plaintiff JACKSON also learned that Defendant WOODALL had actually ADMONISH and THREATEN one Staff Member who answered truthfully and provided favorable information on a Inmate Request submitted by Plaintiff JACKSON to challenge a D/R threatening the Staff Member that; "if this D/R get overturned or reversed you will have to answer up for it !!!"

(COUNT 23) MARCH 10th 1999 Defendant BIGHAM and CROSBY conspiring with others, did send their hand-picked pro-conviction Disciplinary Team Members to retry the Defendant CERDAN "DISMISSED" retaliatory D/R (counts 19-20 supra). Defendant ZABAWA and ALLEN ( acting without any lawful authority on a Dismissed D/R on its merits >

– 32 –

did convict Plaintiff JACKSON on the previously
"DISMISSED" D/R as they both conspired with
Defendant JACKOWSKI and others over the phone during
Team's deliberations how to find Plaintiff JACKSON "guilty"
since the charge was previously "dismissed" on its merits.

(Count 24) MARCH 8th, 1999 MISUSING All the preplanned CONSPIRATORIAL,
falsified and retaliatory D/R filings by Defendant WOODALL,
A. SMITH; REDD AND CERDAN, Plaintiff JACKSON'S Assigned
Classification Officer (not down with the Defendants obvious
retaliatory attacks and acts of reprisals against Plaintiff
JACKSON) Recommended that Plaintiff JACKSON be continued
on Close Management II. The Defendant BIGHAM, H. SMITH,
CROSBY and others "Object", and demand A "HARSHER
STATUS" for Plaintiff JACKSON so they REMOVE Plaintiff
JACKSON Assigned Classification Officer and specially
Assigned Defendant G. SMITH to the task of victimizing
Plaintiff JACKSON. Defendant G. SMITH using the exact
same facts and information Plaintiff JACKSON's former
Classification Officer did Recommended that Plaintiff
JACKSON be placed on Close Management Level "I" ("The
most restrictive single cell housing level of All close
management status designation"), CHAPTER 33-38.002
(1) CLOSE MANAGEMENT, F.A.C., and the Defendant
ZABAWA delivered the switched Report of Close
Management papers conspiring with the Defendants.

(COUNT 25) February/March 1999 Defendant GRIFFIS everytime he SAW Plaintiff JACKSON in the hallway OR going on A callout he began to MOCK-N-HARASS Plaintiff JACKSON, laughing and pointing his finger at Plaintiff JACKSON mocking that All his grievances And lawsuits has Amounted to nothing and bragging that He (GRIFFIS) and the Administration got the courts and Judges in their back pockets;

(COUNT 26) February/March 1999 Defendant GRIFFIS THREATENED Plaintiff JACKSON by stating;

"Don't Forget That Note we sent You"

And further THREATENED Plaintiff JACKSON that,

"FROM Now ON, we (officers) will Be Handling our own Work..."

Referring to the Administration's failed CRIMINAL solicitation Attempt with Prisoner GRIFFIN to ASSAULT And MURDER Plaintiffs COLEMAN and JACKSON (Count 14, supra.);

(COUNT 27) March 23rd, 1999 Defendant JOHNSON, BIGHAM and G. SMITH All CONSPIRING together to torture And punish and abuse Plaintiff JACKSON over the years for all of his grievance And lawsuit filings brought Plaintiff JACKSON before the Close MANAGEMENT Review Court. At this court proceeding Plaintiff JACKSON in detail went over All the retaliatory Acts of REPRISAL And Retaliation commencing July 98 todate

showing the Defendant JOHNSON, BIGHAM and G. SMITH that
all of these incidents is one BIG ADMINISTRATION
CONSPIRACY and that Plaintiff JACKSON has done nothing
wrong and don't belong on "C.M.". At this moment the
Defendant JOHNSON stated:

"yes, you're being retaliated
against. All you want to do is
challenge people and see what
all you can get. I WARNED
you about this eight (8) years
ago, now didn't I ?"

The Defendant JOHNSON, BIGHAM fulfilling the Departments'
agenda then placed Plaintiff JACKSON on CMI ("The most
restrictive single cell housing level of all the close
management status designations"), CHAPTER 33-38.002(1)
CLOSE MANAGEMENT, F.A.C. The Defendants CROSBY, WOODALL,
GRAHAM and DICKENS all "APPROVED" the retaliatory
grievance of reprisal CMI" assignment.


(COUNT 28) MARCH 23rd, 1999 As Plaintiff JACKSON was leaving the
close management court he witnessed Defendants JOHNSON,
BIGHAM and G. SMITH all laughing and Defendant GRIFFIS
throw a Thumbs-up sign that its done to Defendant ALLEN.
It was a Circus-Type Environment !!! The Defendants misuse
the Departments long-term punitive solitary disciplinary
close management detention to retaliate against prisoners
who exercise their First Amendment Rights to petition
government for redress of grievances !!!
                    - 35 -

(COURT 29) MAY 1999 Defendant JOHNSON, using Plaintiff JACKSON as
an example of what happen and can happen to any
prisoner who choose to exercise his First Amendment
right to petition government for redress of grievances,
did call PRISONER JOHN MEYERS to his office and
THREATENING MR. MEYERS did state:

"The Administration wanted JACKSON
and they got JACKSON ... That  [John
Meyers] need to shut his mouth and
stop trying to change government."

Defendant CROSBY; WOODALL; GRAHAM and DICKENS were all
made aware of Defendant JOHNSON CONFIRMATION ——
the second within 60 days —— of an Administration
conspiracy and failed to act, condoning the entire
thing thru their displayed willful and deliberate
indifference and failure to act.

(COUNT 30) Since July 98, while in confinement, Plaintiff JACKSON
and COLEMAN was seeing and hearing about all
sorts of acts of VIOLENCE AGAINST PRISONERS
committed unprovoked by staff as recreational
sport, and did repeatedly NOTIFY the Defendants
BUSH, SINGLETARY, MOORE, PETROUSKY, DRAKE; ELLIS;
CROSBY; WOODALL, BRUNT, GIEBEIG; REDD; THORNTON; and
A. CHRISTIE during the periods of July 98 thru
July 99 respectively, with absolutely nothing

- 36 -

done by the Defendants, the same as they were willfully and deliberately IGNORING the attacks and crimes against your Plaintiffs COLEMAN and JACKSON as stated herein. KNOWING it was just a matter of time before the out-of-control Defendants do Physical Harm to your Plaintiffs, since they were already on the Defendants "Hit-List to be assaulted -n- murdered, JUNE 1st, 1999 plaintiff JACKSON and COLEMAN filed a CLASS ACTION Habeas Corpus Lawsuit to the Florida Supreme Court bringing the High Courts' attention to the VIOLENT AND MURDEROUS conditions at the prison facility of FLORIDA STATE PRISON that the Defendants through acts of commission or omission or willful and deliberate indifference was condoning, JACKSON/COLEMAN et. V. MOORE, PETROVSKY, CROSBY, Case No. 95,700 (FLA. Supreme Court pending). That within six (6) weeks of filing Defendant GRIFFIS, and others, had actually himself MURDERED Class Member Prisoner FRANK VALDEZ July 17th 1999 ( the same as Plaintiffs had warned the court would happen if it did not INTERVENE ). See eg. FLA. PRISON LEGAL PERSPECTIVES July 28th 1999 Special News Bulletin, MURDER INVESTIGATION AT FLORIDA STATE PRISON Appendix "E", See also MIAMI HERALD September 12th 1999 News Article, LAWSUIT MAY TURN OUT TO BE PROPHETIC, Appendix "E". In the same manner the Defendants let this MURDER occur, and did nothing, they were letting the crimes against

— 37 —

both your Plaintiffs COLEMAN and JACKSON occur and through willful and deliberate indifference, tho they were ON-NOTICE —— infact did nothing !!!

(COUNT 31) July 23rd, 1999 within six (6) days of the Defendants MURDER of fellow PRISONER VALDEZ July 17th, 1999 (Count 30 supra.) Defendant H. SMITH was at Plaintiff JACKSON celldoor THREATENING him about his grievance filings. Defendant H. SMITH stated:

(1) That Defendant CROSBY had sent him !!!

(2) You (JACKSON) want to hold us to the rules I am here to tell you this. That "if you file one more grievance writing outside this box you got a D/R".

When Plaintiff JACKSON quoted the rule to Defendant H. SMITH which stated: "No action shall be taken against a prisoner for the submission of a grievance", CHAPTER 33-29. 016 (1) REPRISAL, INMATE GRIEVANCE, FAC, to show Defendant H. SMITH his THREAT of a D/R was unlawful, the Defendant H. SMITH stated;

"I DON'T CARE NOTHING ABOUT NO RULES" !!!

And walked off...

— 38 —

(COUNT 32) November 10th, 1999 Defendant BRUNT and CULBERT raided Plaintiff JACKSON house (Cell) and took all Plaintiff JACKSON's writing pens (leaving him with none), tore his house up and legal case files leaving everything in shambles; confiscated personal property and provided no receipt, and confiscated legal reference photocopied materials (personal and on loan) in use and being utilized to litigate, defend and prosecute current active cases before the courts and Administrative bodies. No required Area search form was provided showing or authorizing this search was done or items removed.

(COUNT 33) Defendants WOODALL and BRUNT has systematically denied and obstructed Plaintiff JACKSON and COLEMAN Legal Mailings between Prisoner Parties; Refusing to delivery Legal mail; unlawful opening Legal mail outside of Plaintiffs presence; unlawfully photocopying legal letters and its contents; unlawfully confiscating Legal Letters Legal Contents; unlawfully Destroying Entire Legal Mailings; Lying About Legal Cases were Closed and Inactive when They were Not and falsified Numerous state Documents To This Regard Resulting In Plaintiff's being Denied Court Access, cases being Sabotaged and undermined, Case Deadlines Being Missed or Legal cases Being Lost or Dismissed. Defendant WELLHAUSEN also joined in to the Above Acts.

— 39 —

(COUNT 34) Defendants WOODALL, BRUNT, GRAHAM and DICKENS conspired to systematically deny and coverup the acts and offenses alleged herein as grievanced via the INMATE GRIEVANCE PROCEDURE, CHAPTER 33-29, F.A.C., to further and advance the Departments grievance of reprisal and retaliatory acts against Plaintiff JACKSON and COLEMAN to Plaintiffs harm;

(COUNT 35) Defendant A. SMITH did conspire with others and did systematically destroy, unlawfully confiscate or lose repeated personal property items of the Plaintiff JACKSON and COLEMAN each time the Plaintiffs were written a preplanned conspiratorial falsified retaliatory D/R and the Plaintiffs personal and legal property had to go through the Defendant A. SMITH hands or custody. So much of Plaintiffs legal and/or personal property was lost thru these retaliatory lockups time-n-time again;

(COUNT 36) Defendant A. SMITH did conspire with other and did systematically deny Plaintiff JACKSON access to his stored Legal Property in the Defendant A. SMITH custody resulting in missed court or procedural rule deadlines and/or dismissed cases.

(COUNT 37) Defendants _CERDAN_ AND _CULBERT_ did conspire among themself or with others to systematically deny Plaintiff JACKSON AND COLEMAN legal mail correspondence by refusing to accept for mailing Plaintiff COLEMAN "Legal Mail" submitted to them for forwarding to Plaintiff JACKSON as authorized by I.O.P.;

(COUNT 38) Defendants _CERDAN_ AND _CULBERT_ did conspire among themself or with others to systematically deny Plaintiff JACKSON needed Court Access, Administrative Body Access or Petitioning Government by repeatedly refusing to photocopy ⟨at Plaintiff JACKSON's expense⟩ documents in support of Plaintiff JACKSON filings All designed to deny Plaintiff Access, sabotage or undermine his filings, etc.;

(COUNT 39) Defendants _CERDAN_ AND _CULBERT_ did conspire among themself or with others to sabotage AND undermine Plaintiff JACKSON's release from INCARCERATION by refusing to xerox his CRIMINAL EMERGENCY Habeas CORPus for filing with the State Court but yet copied the exact same habeas corpus for Another PRISONER thus showing discrimination AND grievance of reprisal targeting Plaintiff JACKSON;

(COUNT 40) <u>JANUARY 25th 2000</u> Plaintiff JACKSON filed two (2) Informal Grievances to Defendant <u>REDD</u>, the very Next day JANUARY 26th, 2000 in retaliation for filing said grievances, Answered by Defendant <u>JACKOWSKI</u>, the Defendants <u>WATSON</u>, <u>YOUNG</u>, <u>LEE</u> AND <u>RUISE</u> RAid Plaintiff JACKSON house (cell) AND tore it All Apart, stealing legal evidence, documents, News Article, leaving everything in total shambles saying that:

        " we were ordered to shake
          your cell down, you had
          been filing grievances using
          red ink."

As a direct result of this grievance of reprisal House-Raid Defendant <u>LEE</u>, conspiring with others, retaliated Against Plaintiff JACKSON and filed a preplanned conspiratortal (3-12) possession of contraband D/R charge for the "Red Ink Pen" and "Carbon Paper" Plaintiff JACKSON utilizes for his grievance/lawsuit filings and litigations. When Plaintiff JACKSON Repeatedly Requested "who" gave the "order" to retaliate from each individual Defendant, Defendant <u>JACKOWSKI</u> would intercept All designated correspondents And Answer for the Defendants refusing to reveal the <u>source</u> of the "order" —— to protect and coverup the offense;

- 42 -

(COUNT 41) DURING WINTER MONTHS, the times the Defendants directly or indirectly kept Plaintiff COLEMAN AND JACKSON locked up in punitive solitary confinement in retaliation for their grievance and lawsuit filings, the Defendants did physically and mentally abused and tortured Plaintiffs confined in cells < during subfreezing or freezing weather > with no heat or inadequate heat; windows open or glass missing; fans being cut on to make it even colder; inadequate bedding and clothing to provide adequate warmth causing Plaintiffs to catch a cold and get sick, and to suffer cruel and unusual punishment;

(COUNT 42) DURING the enormous (July 98 to year 2000) time period the NAMED Defendants directly or indirectly kept Plaintiff JACKSON in punitive solitary confinement in retaliation for filing grievances and lawsuits confined in a tiny 6'x9' cage, 24 hours a day with nothing to do, no meaningful exercise or activity, in total idleness, the Plaintiff JACKSON physical health severely deteriorated. The Plaintiff JACKSON Medical Health Grade deteriorated from an excellent Medical Grade ONE to a poor and bad Medical Grade Three. In addition, the Plaintiff JACKSON has developed confinement

- 43 -

induced _neurological nerve damage_ in his legs and the stress, torture, abuse, mental pain and suffering has brought on A _Heart Attack_ and/or _heart problems._ All confinement induce! In addition, Plaintiff JACKSON _mental health_ is and has deteriorated aswell. All these confinement induced grievance of reprisal severe and life threatening medical problems were brought to the attention of Defendant _BUSH; MOORE; DENMAN; RISKA; CROSBY_ AND _WOODALL_ attention and to have Plaintiff JACKSON released out of grievance of reprisal punitive solitary detention and to return back to open population. But, the defendants have shown willful and deliberate indifference and has refused to act. Infact, the defendant _CROSBY_ AND _WOODALL_ were so willfully and deliberate indifferent that they responded back saying:

"Your close MANAGEMENT status will _NOT_ change based on _ANY MEDICAL CONDICTION_"

which was later approved by Defendant _GRAHAM_ and _DICKENS._

(COUNT 43) Defendant A. CHRISTIE despite him being on 48 HOUR forewarning/Notice July 7th, 1998 of the uncovered criminal conspiracy by his subordinates to frame and lock the Plaintiff JACKSON and COLEMAN up for anything, that his subordinates wanted the Plaintiffs locked up and removed out of open population in retaliation for filing grievances, the Defendant A. CHRISTIE went alone with and played apart in "Authorizing" every single preplanned conspiratorial falsified D/R his staff subordinates filed and, later himself used these falsified preplanned D/R's to place plaintiff JACKSON on Close MANAGEMENT (C.M.) september 1998;

(COUNT 44) Defendant CROSBY; WOODALL; SINGLETARY; MOORE; BUSH; DENMAN; PETROVSKY; DRAKE; RISKA; THORNTON; A. CHRISTIE; REDD; ELLIS; GIEBEIG; BIGHAM; G. SMITH; HEISHMAN; BRUNT; JOHNSON; DICKENS and GRAHAM all "ON-NOTICE" that this Governmental conspiracy was being carried out against Plaintiff JACKSON and COLEMAN in retaliation for their grievance and lawsuit filings and that Plaintiffs were being victimized and their lives were in grave danger, through willful and deliberate indifference FAILED TO ACT!!!

- 45 -

(COUNT 45) Since _July 98 todate_ thru. personal contact and/or meetings with Defendants _CROSBY_; _THORNTON_; _JOHNSON_, _REDD_; _ELLIS_; _GIEBEIG_; _BIGHAM_; _H. SMITH_; _G. SMITH_; _A. SMITH_; _HEISHMAN_; _JACZOWSKI_; _WOODALL_; _BRUNT_; _CULBERT_; _CERDAN_; _SANDERS_; _GRIFFIS_; _A. CHRISTIE_; and other Non-Defendants the resounding message over and over again to Plaint.ff _JACKSON_ was to:

> " STOP FILING GRIEVANCES AND LAWSUITS AGAINST STAFF AND THE DEPARTMENT!!!"...

(COUNT 46) Defendants _DENMAN_ and _RISKA_ has been repeatedly called upon to correct these abuses as alleged herein but has shown willful and deliberate indifference authorizing and condoning the offenses, and has refused to take appropriate action,

(COUNT 47) The named Defendants has got and operate from a unwritten policy, custom or procedure to "put-down" on grievance/lawsuit filers and to retaliate against them and to lock them up and put them on Close Management long-term punitive solitary confinement to "break-them" from filing grievances and lawsuits against the Dept. of Corrections and its Staff exposing all the criminal wrong doing and corruption within the Department,

- 46 -

(COUNT 48) The Defendants BUSH, SINGLETARY; MOORE; DENMAN; PETROVSKY; DRAKE; RISKA; CROSBY; THORNTON; JOHNSON; BIGHAM; REDD; GIEBEIG; ELLIS; has got and operate from a unwritten "HANDS-OFF" policy, custom or procedure to not interfere with or get involed in to correct or remedy a situation (which goes against the Departments' agenda) to strike out against grievance and lawsuit filers like Plaintiff JACKSON and COLEMAN who were and are under Governmental Attack;

(COUNT 49) The Grievance of Reprisal Retaliatory Acts targeting the Plaintiff COLEMAN and, as witnessed by him toward the Plaintiff JACKSON, did completely chill his grievance filings and use of the Inmate Grievance Procedure under Rule 33-29, Fla. Administrative Code (FAC) where he quite filing grievances in fear of retaliation or death;

(COUNT 50) The Defendants has a unwritten policy, procedure or custom to abuse and misuse the Departments' Close Management (CM) punitive solitary detention to retaliate against litigators like Plaintiff JACKSON and COLEMAN and to "break" Litigators who grieve against the Department or its staff. As evident by its use and abuse against Plaintiff Jackson since 1998...

## VI: NATURE AND EXTENT OF INJURIES:

1) Denied Liberty of open population;

2) Denied GAIN TIME EARNINGS;

3) Lost of GAIN TIME;

4) Prolonged INCARCERATION;

5) Denied Court Access;

6) Dismissed Lawsuits;

7) Health Deterioration;

8) Heart Attack;

9) Neurological Nerve Damage;

10) Heart Problems;

11) Denied Daily Outdoor Recreation and Exercise;

12) Denied Daily Current Affairs;

13) Lost of Personal Property Items;

14) Mental Damages;

15) Denied Daily T.V. Viewing;

16) Denied Daily Radio Listening;

17) Denied Church and Fellowship Worships,

18) Litigations severely undermined/sabotaged/case dismissals;

19) Denied Fellowship and Associations;

20) Denied Group Dining;

21) Denied Daily Showers;

22) Denied Daily Canteen Purchases;

23) Denied Personal Hygiene and Comfort Items;

24) Denied Work Opportunities;

25) Denied Job promotions;

26) Denied Family Visits;

27) Denied Family/Friend Phone Calls;

28) Denied Hot Food Servings;

29) Severely Restricted Reading Materials;

30) 24 Hours a day/7 Days a week Punitive Solitary Confinement;

31) Constant Fear of Instant and Unexpected Death;

32) Constant Severe Stress and Mental Anguish;

33) Physical Abuse and Torture;

34) Harassments;

35) Constant Humiliation;

36) Thoughts and feelings of suicide to escape hurt/torture;

37) Inadequate Heat Resulting in Freezer-like cell Conditions;

38) Inadequate Ventilation Resulting in Oven-like Cell Conditions;

39) Denied Adequate Clothing For Warmth During Winter;

40) Denied Adequate Bedding For Warmth During Winter;

41) Unsanitary Living Conditions;

42) Sleep Deprivation;

43) Denied Writing Supplies;

44) Denied Legal Correspondent Rights,

45) Denied Freedom of Associations;

46) Denied Freedom of Expression;

47) Denied Physical Law Library Access;

48) Hindered and Restricted Needed Court Access;

49) Severe and Deep feelings of depression;

50) Incurred Litigation expenses;

51) Daily Victimization,

52) Etc, etc.

_____

_____

_____

_____

_____

· **VIII.** · **RELIEF REQUESTED:**   State briefly what you want the Court to do for you.  Again, do not make any legal arguments or cite any cases or statutes.

(1) Individually grant each Plaintiff $1.00 per minute for each minute effective June 98 they stayed locked-up in solitary confinement and removed out of open population; (2) Per each committed offense by each named Defendant individually award Plaintiffs a minimum of $50,000 per committed offense; (3) Individually grant Plaintiff a minimum of $100,000 PUNITIVE DAMAGES from each named Defendant   (4) Grant a trial by Jury, (5) Grant Costs, (6) Grant Injunctive Relief And (7) Grant Any/All other Relief Entitled.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this ___25<u>th</u>___ day of ___A P R I L___, ___2000___.

_Raymond Coleman_

_Douglas Jackson_
(Signatures of all Plaintiffs)

DC 225 (Rev. 1/97)

**STATE OF FLORIDA**
**Department of Corrections**

| INMATE REQUEST | — *COMPLAINT* — | Mail Number _____ |
| | | Team Number ___ 6 |

| TO: (Check One) | ☑ Superintendent | ☐ Classification | ☐ Medical | ☒ Other |
| | ☐ Asst. Superintendent | ☐ Security | ☐ Dental | |

| FROM: | Inmate Name Jackson, Douglas M. | D.C. Number 823916 | Quarters L1216 | Job Assignment ISF | Date 7-7-98 |

REQUEST/RE: Departments Conspiracy To Harm/Set-up Prisoner!!!

Today, Tuesday July 7th 1998, AN OFFICER confided in me and asked that I keep his name ANONYMOUS, I agreed to do so. He informed me that: "Yesterday a meeting was held w/ me and other officials and your name came up and WE was told to lock you up for ANYTHING". This Officer's WARNING is collaborated w/ another Officer who just told me Sunday, July 5th 1998, that "I had better watch my back that the Administration is out to get me."

This CONSPIRACY to lock me up results from "BUT FOR" my grievance filings! (RELIEF) I'm being singled out aswell as my co-litigant. All that I ask is that this Dept, your Officers, simply LEAVE US ALONE!!! Do not as you usually do: (A) Plant no knife/weapon or any other contraband in our cells & (B) Write no falsified or frivolous DR's !!! THANK YOU...

Respectfully, DM Jackson

CC: Singletary, Sec.; PETROVSKY, Regional Dir.; CHRISTIE, Col.; THORNTON, Aso.; ELLIS, Inspector; McCAY Pat; MOORE FDLE; RENO, U.S. Dept. of Justice; CROSBY Supt.

All requests will be handled in one of the following ways:   1) Written information or   2) Personal interview.

―――――――――――――――― DO NOT WRITE BELOW THIS LINE ――――――――――――――――

**RESPONSE**

| Official (Signature) | Date |

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS
REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Superintendent    ☐ Assistant Superintendent    ☐ Secretary, Florida Department of Corrections

FROM: Jackson, Douglas M.                823916    FSP
      Last Name, First, Middle Initial        Number    Institution

RE: Grievance of Reprisal (Conspiracy Within Admin. To Harm Prisoner)

PART A - INMATE GRIEVANCE

This is a grievance of REPRISAL filing pursuant to Rule 33-29.016. Today, Tuesday, July 7th 1998, approx. 0900, an OFFICER who I ask that I keep him Anonymous, I agreed, confided in me that "Yesterday a meeting was held w/ other Officers present and my name (Douglas M. Jackson) came up and he and other Officers were told to lock me up for anything." Then Sunday, July 5th 1993. Another Officer confided in me that "I had better watch my back the Administration is out to get me." Two (2) different Staff members w/in a 48 Hr. period both saying the same thing. This can't be ignored, a CONSPIRACY exist!!! The sole Motive behind All of this is my GRIEVANCE/LAWSUIT Filings. And I'm asking that this FSP Admin. and your Criminal minded Officers whose known to plant knifes write false D/R's leave me alone (RELIEF) Leave Me Alone — call off your hit against me !!!

Date 7-7-98     [signature] Douglas Jackson     Signature of Grievant and D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____
                                                                          Signature

---

PART B – RESPONSE

Investigation into your complaint reflects that your allegations are without merit. The fact that you have elected to omit the name of the staff members that you allege made these statements, is further proof that your accusations are unfounded. No conspiracy to "lock you up" exists. However, just for submitting this grievance, you will not get a "get out of jail free card". No staff has harassed you and no legitimate complaint of that nature has been substantiated. You will be held to the same rules as are all inmates. If you violate those rules, then and only then, will any action be taken against you. Your allegations of staff misconduct are also without merit (planting knives, false D/R's). As long as you follow the rules, no disciplinary action can/will be taken against you. [illegible] Based on this information, this grievance is denied.

You have fifteen days to appeal this decision @ Bureau of Inmate Grievances
                                                2601 Blair Stone Road
                                                Tallahassee, FL 32399-2500

[signature] R. Kendall                [signature] John V. Cooper            7-10-98
Signature and Typed or                Signature of Superintendent,           Date
Printed Name                          Assistant Superintendent, or
of Employee Responding                Secretary's Representative

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO: Jackson, Douglas            823916         FSP/205
          Last Name, First, Middle Initial    Number    Institution

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT.

                              My staff misconduct grievance

7-8-98          07-011                [signature]
Date            Grievance Log Number   Recipient's Signature (Staff Member)

DISTRIBUTION:           INSTITUTION/FACILITY            DISTRIBUTION:           CENTRAL OFFICE
WHITE COPY...............INMATE COPY                    WHITE COPY...............INMATE COPY
CANARY COPY.............INMATE'S FILE                   CANARY COPY......INMATE'S FILE - INST./FACILITY
PINK COPY................INMATE COPY                    PINK COPY...............C.O. INMATE FILE
GOLDENROD COPY... RETAINED BY OFFICIAL RESPONDING      GOLDENROD COPY....RETAINED BY OFFICIAL RESPONDING

DCI-303 (9/89)                                 -52-                         APPENDIX
REVISED (7/94)                                                               "B"

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS                          *URGENT!!!*

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☒ Superintendent  ☐ Assistant Superintendent  ☒ Secretary, Florida Department of Corrections

FROM: _JACKSON, Douglas M._ _323916 FSP_
        Last Name, First, Middle Initial      Number        Institution

RE: Grievance of Reprisal < CRIMINAL Conspiracy By FSP Admin. against Prisoners>

PART A – INMATE GRIEVANCE

This is a Rule 33-29 directly to you in Reprisal filing w/ the Secretary
office due to the conflict of interest at the Inst. level whose the
cause of the problem of Harassment Reprisal Retaliation, etc.!!!
Today, Tuesday July 7th 1998 appx. 0500 this FSP "OFFICER" who ask
that I keep him anonymous, I agreed confided in me that I presently actually
was told and other officials told him and other officers to LOCK ME UP FOR
ANYTHING; and just this Sunday July 5th another "OFFICER" warned me that
"I had better watch my back that the Admin. was out to get me". Two Staff,
two different dates and all of this is "BUT FOR" my grievance/lawsuit
filings. Not only have I been targeted but my co-litigant COLEMAN, Ray
as well. This FSP Admin. is acting in bad faith and w/ criminal intent.
(RELIEF) I ask that you get both me and my co-litigant out of FSP custody
because a criminal conspiracy by this FSP Admin. has been exposed.!!!

Date 7-7-98          Signature of Grievant and D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:_____     Signature_____

PART B – RESPONSE

Investigation into your complaint reflects that you have not filed this DC1-303 in accordance with
Chapter 33-29.014(1)(n).  This issue has been addressed on a previously filed grievance on the same
issue.  Refer to the response in grievance #07-071.  You are also reminded that inmate Coleman must
initiate any grievance on actions that affect him.  You can not grieve something that does not affect you
personally (for another inmate).  Returned without disposition.

_Wendall Renahan_                    Signature of Superintendent,          1-20-98
Signature and Typed or               Assistant Superintendent, or           Date
Printed Name                         Secretary's Representative
of Employee Responding

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

PART C – RECEIPT (TO BE COMPLETED BY DC STAFF)

RETURN TO: _Jackson, Douglas_ _323916_ _FSP_
           Last Name, First, Middle Initial   Number   Institution

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT.

                          log staff misconduct

_7-9-98_          _07-072_                    _____
Date              Grievance Log Number         Recipient's Signature (Staff Member)

DISTRIBUTION:           INSTITUTION/FACILITY          DISTRIBUTION:           CENTRAL OFFICE
WHITE COPY . . . . . . . . . . . . . INMATE COPY      WHITE COPY . . . . . . . . . . . . . INMATE COPY
CANARY COPY . . . . . . . . . . . . INMATE'S FILE     CANARY COPY . . . . . . INMATE'S FILE - INST /FACILITY
PINK COPY . . . . . . . . . . . . . . INMATE COPY     PINK COPY . . . . . . . . . . . . . .C.O. INMATE FILE
GOLDENROD COPY . . . RETAINED BY OFFICIAL RESPONDING  GOLDENROD COPY . . . RETAINED BY OFFICIAL RESPONDING

DC1-303 (8/89)                          - 53 -                    APPENDIX
REVISED (7/94)                                                       "C"

STATE OF FLORIDA
Department of Corrections

# INMATE REQUEST

Mail Number _____
Team Number _____ 6

| TO: (Check One) | ☐ Superintendent | ☐ Classification | ☐ Medical | ☒ Other *Mr. Cobb* |
|---|---|---|---|---|
| | ☐ Asst. Superintendent | ☐ Security | ☐ Dental | *Food Ser. Dir. II* |

| ROM: | Inmate Name *JACKSON, DOUGLAS M.* | D.C. Number *823916* | Quarters *L1116* | Job Assignment *N/A* | Date *7-26-98* |
|---|---|---|---|---|---|

REQUEST/RE *Request To Withdraw Grievances About Staff Hot Meals !!!*

    *MR. COBB,*
    *June 6th, 1998 I commence utilization of the Inmate Grievance Procedure, FAC RULE 33-29, concerning the issue of Special Lunch (Hot) Meals for Staff !!!*
    *At this time, I wish to totally and completely WITHDRAW MY COMPLAINT on said matter and you, the Administration of F.S.P. may resume the feeding of STAFF HOT LUNCH MEALS with no further say or complaints from me as agreed upon with the Administration and me Saturday July 25th, 1998 respectively (RELIEF) May you RESUME the feeding of (HOT) LUNCH MEALS FOR STAFF as my complaint is now withdrawn.*
    *Respectfully submitted, DMJackson*

All requests will be handled in one of the following ways: 1) Written information or 2) Personal interview. All informal grievances will be responded to in writing.

DO NOT WRITE BELOW THIS LINE

## RESPONSE

*Received on July 28, 1998. It is your right to withdraw grievances. But 2.02.10 States officials will eat the same as inmates. Often institutions feed completely different meals.*

| Official (Signature) *C.H. Cobb* | Date *8-15-98* |
|---|---|



# FLORIDA PRISON LEGAL PERSPECTIVES

## NEWS BULLETIN          JULY 28, 1999

# MURDER INVESTIGATION AT FLORIDA STATE PRISON

Starke, FL - An investigation into the death of a prisoner, Frank Valdez, at Florida State Prison (FSP), that occurred on July 17, 1999, turned into a murder investigation against nine Florida Department of Corrections' (FDOC) correctional officers just four days later. Officials from the Florida Department of Law Enforcement (FDLE), Florida's version of state police, have determined that Frank Valdez, who was under a death sentence for the murder of FDOC prison guard, Fred Griffis, during a botched escape attempt in 1987 was beaten to death by prison guards at FSP. (Valdez's real name is Valdes, but his committed name is Valdez, as will be used here for clarity).

Under a recent mandate from Florida's new governor, Jeb Bush, that was implemented just this past January following the suspicious suicide deaths of two female prisoners at Jefferson Correctional Institution, and a botched and biased investigation of same by the Department of Corrections, the governor ordered that all unusual deaths or suicides in Florida prisons will be investigated by the FDLE. This led to the immediate involvement of the FDLE into the death of Frank Valdez, 36, which agency quickly concluded that Valdez had died from injuries sustained during what has been described as a "violent fight" with numerous correctional officers when they attempted remove him from his cell at the prison to allegedly search for contraband.

Nine correctional officers have been placed on administrative leave by the FDOC pending the result of the investigation. Following a search of seven of the officers' homes and living quarters by the FDLE on July 21st, and the recovery of what the FDLE calls "incriminating evidence," including clothing and boots that officers were wearing at the time of Valdez's death, on July 23rd the Federal Bureau of Investigation (FBI) announced that it also would be conducting its own investigation into Frank Valdez's death. The FBI also announced it would be investigating other reports from Florida State Prison and many other state prisons alleging that prisoners are being routinely abused and beaten in confinement units by correctional officers. The FBI indicated that there are indications of a "subculture" of civil rights violations and physical abuse within the FDOC.

The FDOC initially refused to release the identity of the nine officers being investigated in Valdez's death. But following a autopsy finding that Valdez died from "multiple blunt force trauma from the result of a severe beating," and the FDLE calling his death a homicide, the officers were identified as: Captain Timothy A. Thornton, 33; Sgt.Montrez L. Lucas, 30; Sgt. Charles A. Brown, 25; Sgt. Andrew W. Lewis, 29; Sgt. Jason. P. Griffis, 26; Sgt. Robert Sauls, 35; Officer Raymon C. Hanson, 30; Officer Donald M. Stanford, 51; and, Officer Dewey Beck, 51.

Two other FSP officers, Daren Padgett and Philip Maddox were also suspended on the 23rd for refusing to cooperate with FDLE investigators.

An attorney from the Police Benevolent Association, Bill Johnson, who is representing the officers, claimed that his clients did not kill Valdez. He claimed that while a violent fight had occurred between Valdez and the officers on Saturday, July 17th, where shock shields and pepper spray and force were used, that Valdez was okay after the fight. Later, however, according to Johnson, after Valdez had been taken to medical and declared in good health and placed in another cell on what is termed X-Wing (formerly Q-Wing) at the prison, Valdez killed himself by repeatedly flinging himself onto the concrete floor of his cell and climbing onto the bars of his cell door and throwing himself onto the floor. The FDLE and an investigator from the state attorney's office in Gainesville, Florida, discounted that alleged defense.

In perhaps the first of its kind investigation in Florida, the FDLE established a command post outside the prison located at Starke, Florida, and had an even dozen investigators inside the prison looking for evidence and questioning other prison staff. A spokesman for the state attorney in Gainesville said that his office has been swamped with calls from people in the corrections community offering tips and information about the case. Tim Moore, commissioner of the FDLE, referring to the officers being investigated was quoted in the 7/22/99 USA TODAY as stating, "The time has come for them to decide who wants to be a defendant and who wants to be a witness."

By the fifth day of the investigation one of the officers being investigated in Valdez's death commented that Valdez had been beaten pretty badly. And that he had himself hit Valdez several times and that other officers had stood on Valdez's chest and neck during the confrontation. Later, after Valdez was declared okay and placed in the other cell, and began flinging himself onto the floor, allegedly it was noticed that he appeared to be in distress. Allegedly, officers entered the cell again where they attempted to use CPR to revive Valdez, during which his ribs could be heard to break. The autopsy report had shown that all of Valdez's ribs were broken.

According to rescue workers who were called to the prison with an ambulance to transport Valdez to an outside hospital, he was still alive when they arrived but was pronounced dead a short time after reaching Shands Hospital in Gainesville.

Valdez was on death row for his 1990 conviction in the killing of FDOC correctional officer Fred Griffis. During 1987, Valdez and another prisoner on death row William Van Poyck (an FPLP advisor) had been arrested after attempting to help prisoner James O,Brien escape. An FDOC transport van carrying O'Brien had been stopped by Valdez and Van Poyck and when the officer resisted he was shot and killed. Questions have been raised about the officer who was killed having been named Griffis and one of the officers being investigated in Valdez's death having the same last name.

The FDOC released a statement that it does not believe there is any relation between the officer named Griffis who is under investigation and the one of the same name who was allegedly killed in the 1987 escape attempt that Valdez was involved in. The FDOC also released a 31 page report of its investigation that supported the officers' claims that Valdez beat himself to death.

Coincidentally, on July 19th, attorney Randall Berg of the Florida Justice Institute had filed a federal lawsuit against several FSP officers, including Capt. T. Thornton and Sgt. Jason Griffis, for having beat another prisoner severely in a cell extraction in January of 1998. That prisoner, David Skrtich, was left with mutiple rib fractures, a collapsed lung and spinal injuries. Other officers named in that lawsuit are: Tony Anderson, Willie Archie, James Dean, and Stacy Green.

On July 22nd Governor Jeb Bush and the new FDOC Secretary, Michael W. Moore, appeared on television asking that people not get carried away in the wake of the FDLE announcing that Valdez was murdered. Both claimed that this should be viewed as an "isolated incident." No mention was made by either Bush or Moore of the fact that the Department of Corrections has only recently been through two other scandals where claims that prisoners were beaten before they died had surfaced. Those incidents were the two suicide deaths of female prisoners at Jefferson Correctional Institution and the torture-death of John Edwards at Charlotte Correctional Institution.

The FBI apparently does not believe that abuse in FDOC confinement units is uncommon. FPLP staff has been aware that the FBI has been being kept informed of reports of widespread abuse, including beatings for minor infractions or as retaliation against prisoners by prison guards, at numerous Florida prisons.

Reportedly, the FBI will be looking at breaking down the "code of silence" among FDOC prison staff in which officers and administrators are unwilling to report even serious violations committed by other staff members. Apparently Valdez's death was the last straw needed to prompt the FBI to launch a full scale investigation of the FDOC.

In response to an inquiry by FPLP staff to Governor Bush, he has given his assurance that the state will fully cooperate with the FBI in their investigation. FPLP staff has been in contact with the FBI with information that they have and will monitor this investigation as it proceeds.

The FPLP staff has also called upon Governor Bush to, among other measures, create an independent oversight committee composed of ordinary citizens, including one or more prisoners family members, and professionals, with the authority to enter prisons and work with the FDOC and prisoners to identify and correct problems before they can escalate.

FPLP request that prisoners subjected to physical or mental abuse in a confinement situation, or their families learning of same, continue to keep us informed about such. After decades of such abuse, and its increase with the increase in the number of confinement units, it may finally be that it can be brought to an end. It is unfortunate that it took another death to get it started though. ∎



*SUNDAY, SEPTEMBER 12th 1999*        **The Herald**

# lawsuit may turn out to be prophetic

**By LESLEY CLARK**
**Herald Capital Bureau**

TALLAHASSEE — Six weeks before the apparent beating death of Frank Valdes on Death Row, Douglas Jackson filed a handwritten lawsuit that may prove to be chillingly prophetic — all but predicting an inmate would die at Florida State Prison at the hands of corrections officers.

In the 20-page lawsuit filed June 1 with the Supreme Court, Jackson claims that prisoners at Florida State Prison are being "routinely — as recreational sport — systematically assaulted, battered, jumped on and beaten unprovoked."

"No more lives need to be lost before corrective action from the court is granted," he wrote. "Whole lives and safety are in grave danger of being violently attacked at any moment, to be severely injured or, worse yet, killed by staff."

Jackson claimed that beatings occur in isolated areas, including the cells on X-Wing where Valdes, a Death Row Inmate and convicted prison-guard killer, died July 17 after a violent confrontation with a group of guards, nine of whom were put on leave and are under investigation by the Florida Department of Law Enforcement and the FBI.



*There's a 'code of silence' that keeps prisoners' voices from being heard, Douglas Jackson wrote.*

**Beatings allegedly covered up**

Jackson claims the beatings have been covered up for years and that injured inmates are not given medical care because "that would create a paper trail." He also claims complaints are not investigated by the department's inspector general.

"It's a good ol' boy system and 'code of silence,'" that prevents complaints from reaching outside the prison walls, he wrote.

Department of Corrections officials wouldn't comment on Jackson's latest suit, citing pending litigation.



# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL



RECEIVED

SEP 03 REC'D

INMATE GRIEVANCE COORDINATOR-FSP

TO: ☒ Superintendent   ☐ Assistant Superintendent   ☐ Secretary, Florida Department of Corrections

FROM: Jackson Douglas M.        823916, FSP

Last Name, First, Middle Initial      Number    Institution

RE: Grievance of Reprisal < 2 Month Chronological of Retaliatory Acts >

### PART A – INMATE GRIEVANCE

July 7th, I served notice via police "complaint" to see SINGLETARY, Region Dir PETROVSKY, Inspector ELLIS, Supt. CROSBY, ASO THORNTON, and CCI CHRISTIE of a staff revealed CRIMINAL CONSPIRACY "to lock us up for anything" targeted against co-litigant COLEMAN and I. Its now "2 MONTHS" later and the EVIDENCE/PROOF that such a conspiracy is REAL can be seen in the following chronological acts to inflict "lock us up for anything". Reprisal #1: 7-9-98 plant of escape tool; Reprisal #2: 7-9-98, plant of state property (contact card), Reprisal #3: 7-9-98 plant of contraband in cell; Reprisal #4: 7-27-98 contraband document claim; and Reprisal #5: 8-12-98 lying about Denied Property Claim.

Any fool can see something is not RIGHT here. You got too MANY back to back acts against as Inmate for no legit reason and its no coincident. All of this can't be explained "BUT FOR" I and co-litigant COLEMAN are being TARGETED.!! (RELIEF) Again, WE ASK THAT YOU END YOUR ABUSE OF AUTHORITY/PUBLIC OFFICE.!!

Date 9-7-98

Signature of Grievant and D.C.#

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____

# ____   Signature

---

09-085          PART B – RESPONSE

Investigation into your complaint reflects that staff have not acted out of reprisal towards you or inmate Coleman. Each of the events you speak of were properly investigated and disciplinary reports issued when appropriate, in accordance with Chapter 33-22. In fact, the investigation conducted in regard to the incident on 7-9-98 showed that disciplinary action was not appropriate. This does not support your allegations of reprisal or conspiracy. There are no acts of abuse taking place. If you do not follow the rules of proper conduct you will receive disciplinary action, when appropriate, as would any other inmate. You are responsible for your own actions. Based on this information this grievance is denied.

You have fifteen days to appeal this decision to: Bureau of Inmate Grievances
2601 Blair Stone Road
Tallahassee, Florida 32399-2500

1

REPaL / R.L.Parrish  ✗

Signature and Typed or
Printed Name
of Employee Responding

Signature of Superintendent,
Assistant Superintendent, or
Secretary's Representative

9-14-96

Date



ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION      -57-

MAILED / FILED
WITH AGENCY CLERK
NOV 03 1998
Department of Corrections
Inmate Grievance Appeals

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS
### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

RECEIVED
SEP 29 1998
Department of Corrections
Inmate Grievances

☐ Superintendent   ☐ Assistant Superintendent   ☒ Secretary, Florida Department of Corrections

FROM: _Jackson Douglas M._  _823916_ _FSP_  _98-627421_
Last Name, First, Middle Initial    Number    Institution

RE: Griev. of Reprisal (2 Month Choronological of Retaliatory Acts)

### PART A – INMATE GRIEVANCE

As expected the Admin. fail to see (because they are apart of it) the clear and overwhelming EVIDENCE right before their eyes.
Furthermore, the Admin. falisfied its response by contradicting itself in word, not supported by action. The Admin. alleged that the "7-9-98 (incident) showed that disciplinary Action was not appropriate". WHY then was D/R (3-11) (See D/R Log # 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) written then and upheld at the Inst. level? (See Appeal #98- ) (Note: Check file, I don't have see Appeal # handy).

**If the Admin. is correct I ask that D/R (3-11), D/R Log 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, be reversed by this Secretary's office which is now before you. (RELIEF) Grant Appeal: both COLEMAN and I Ask that FSP Stop its Abuse of Authority and Conspiracy against us "But For" Grievance/Litigations before the Court filings. Thank

Date 9-27-98  And Reverse D/R (3-11) of 7-9-98  Signature of Grievant and D.C.#

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _0, Doe Jackson_
#       Signature

### PART B – RESPONSE

Note: This grievance is not accepted as a grievance of reprisal.

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

The violation referred to in formal response # 09-085 concerned possible possession of an pair of pliers. Upon further investigation, the evidence was found to be unsubstantiated and a DR was not written. However, you did receive a DR on 7/9/98 for violation 3-11.

Your administrative appeal is denied.

Timmy Graham
Signature and Typed or
Printed Name
of Employee Responding

Chester Dickens
Signature of Superintendent,
Assistant Superintendent, or
Secretary's Representative

10-28-98
Date

1

ORIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.   -58-



STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR A

**RECEIVED**

AUG 11 [ILLEGIBLE]

INMATE GRIEVANCE
COORDINATOR–FSP

TO: ☒ Superintendent ☐ Assistant Superintendent ☐ Secretary, Florida Department of Corrections

FROM: JACKSON Doug/as M.        823916, FSP

Last Name, First, Middle Initial        Number

RE: Grievance of Sensitive Nature (Failure to Prosecute FSP Organized Crime Ring)

## PART A – INMATE GRIEVANCE

I've always noticed this here at FSP; Anytime there is criminal mis-
conduct by STAFF involved there is a NON-WILLINGNESS by the prison Investigator's
office to seriously/aggressively prosecute the STAFF MEMBER!!!

In the present case w/ co-1st. COLEMAN AND I, all we're doing is lawfully
filing grievances/lawsuits and, "BUT FOR" this, we're targeted, a contract is put
out against us by those in FSP Organized Crime Ring (as revealed by 2 Confidential
Staff Informants whose afraid to talk/comeforth) who has (A) illegally smuggled into the
prison grounds a pair of escape tools; (B) planted contraband; (C) filed repeated
falsified D/R's against us, and the motive is to put both Coleman + I on c/m!!!
The evidence is in the "ACTIONS OF STAFF" (which speaks louder then words)
but the Admin. want staff comingforth to "Confess" (which they KNOW is not likely
RELIEF) Crimes are being committed by STAFF Inspector FLLTS has refused to act it's a
joke to him, I request a outside Independent Investigator to Investigate/prosecute these
Date (8-9-98) Staff Crimes Against Coleman–N–I.   Signature of Grievant and D.C.# [signature]

BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  0 1 [illegible]   # ___ Signature ___

## PART B – RESPONSE

Investigation into your complaint reflects that appropriate action was taken by the Institutional Inspector's office
and there continues to be an ongoing investigation into your allegations. Your allegations that no action has been
taken and that staff are not doing their jobs appropriately is without merit. Based on this information, this
grievance is denied.

You have fifteen days to appeal this decision to: Bureau of Inmate Grievances
2601 Blair Stone Road
Tallahassee, FL 32399-2500

[signature]        J [signature]        8/21/99
Signature and Typed or        Signature of Superintendent,        Date
Printed Name        Assistant Superintendent, or
Employee Responding        Secretary's Representative        [APPENDIX stamp]

ORIGINAL TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION        -59-

DEPARTMENT OF CORRECTIONS

Department of Corrections
Bureau of Inmate Grievance Appeals

Department of Corrections
Inmate Grievances

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Superintendent  ☐ Assistant Superintendent  ☒ Secretary, Florida Department of Corrections

FROM: _JACKSON Douglas M._ _823916, FSP_ _____
Last Name, First, Middle Initial    Number    Institution

RE: _Grievance of A sensitive Nature (Failure To Prosecute FSP organized Crime Ring)_

98-6-24010

### PART A – INMATE GRIEVANCE

All that is being done here at the Inst. level is TALK!!! The Prison Inspector is powerless as to whats happening here, its bigger then him And its like for him trying to empty a pool with a teaspoon — No effect!!! Staff Coming at his friends. At FSP you got "RICO", in violation of F.S. 895, RACKETEERING INFLUENCED AND CORRUPT ORGANIZATION, criminal activity going on by (STAFF) and those here at FSP XNOW about it, are APART of it, Are CONDONING it and COVERING UP it.!!! Staff/Prisoners Are AFRAID TO COMEFORTH!!!

There is no way such Acts as Prisoner MURDERS, ASSAULTS/BATTERY LIES/ FALSIFIED REPORTS, ABUSE OF PUBLIC OFFICE, OFFICIAL MISCONDUCT SETTING PRISONERS UP, MISUSE OF DEPT. RULES, ETC, could be happening unless Top FSP officials Are APART of it, either directly or Indirectly because as the old saying goes: "[Shit] rolls down hill".!!! (RELIEF) Same as earlier stated as both Co-litigant COLEMAN & I Are in grave DANGER..!!

Date _8-24-98_     _____ Signature of Grievant and D.C.#

'BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: ____1____
                                                                    #      Signature

### PART B – RESPONSE

Note: This grievance is not accepted as a grievance of a sensitive nature.

Your administrative appeal has been reviewed and evaluated. The response that you received at the institutional level has been reviewed and is found to appropriately address the concerns that you raised at the institutional level as well as the Central Office level.

You have not provided this office with any evidence to substantiate your allegations regarding misconduct by staff.

Your administrative appeal is denied.

_____
Tammy Graham
Signature and Typed or
Printed Name
of Employee Responding

_Quester Dickens_
Signature of Superintendent,
Assistant Superintendent, or
Secretary's Representative

_9-8-98_
Date

RIGINAL: TO BE RETURNED TO GRIEVANT AFTER COMPLETION OF ACTION.

